## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| RAMON PABON-VILLAFAÑE | * | |
| and MARIA ISABEL COLON-LEON | * | CIVIL NO. 21-1128 (    ) |
| and their legal society of earnings (conjugal | * | |
| partnership) | * | |
| Plaintiffs | * | ABOUT: |
| | * |    Title VII and 42 USC § 1983, 1985, |
| v. | * |    Civil Rights Act 1964, |
| | * |    ADEA Discrimination |
| SARTORIUS AG, | * |    1802 and 1803 of PR Civil Code |
| SARTORIUS PUERTO RICO, INC. d/b/a | * |    Public Law No. 80 |
| SARTORIUS, INC. | * |    US Constitution First Amendment |
| SARTORIUS STEDIM FILTERS INC. | * | |
| RODOLFO DOMINICCI | * | |
| JOHN DOE, RICHARD ROE and their | * | |
| respective insurance companies | * | TORTS |
| Defendants | * | |
| *********************************** | | JURY TRIAL |

### COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

### I.   JURISDICTION:

1.      This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin) and the *Age Discrimination in Employment Act of 1967*, 29 U.S.C. § 621- 634, (ADEA).

2.      Plaintiff invoke violation to his rights under the US Constitution First Amendment.

3.      Plaintiff invoke the article 1802 and 1803 of Puerto Rico Civil Code and the Puerto

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 2

Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the

interest of judicial efficiency and economy, 28 United States Code § 1367.

4.     Plaintiffs invoke violation to Commonwealth of Puerto Rico Labor Laws including

Public Law No. 80 of May 30, 1976 as amended, state law against retaliation, and equivalent Federal

Labor Laws (United States Code) under the supplemental jurisdiction principles in the interest of

judicial efficiency and economy.

5.     This Honorable Court also has venue pursuant to 28 United States Code § 1391 since

the claims asserted in this action arose in this judicial district.

6.     Trial by jury is hereby requested.

## II.   PARTIES:

7.     Plaintiffs  Ramón Pabón-Villafañe and Maria Isabel Colón-León, legal age, married

and has been citizen of Guayanilla, Puerto Rico.

8.     Plaintiffs physical  address is Bo. Magas Arriba, 5 Street, lot 85A, Guayanilla, PR

and postal address is HC 2 Box 6214, Guayanilla, PR 00656

9.     The legal society of earnings (conjugal partnership) of co-plaintiffs Ramón Pabón-

Villafañe and Maria Isabel Colón-León is included.

10.    Defendant *Sartorius Puerto Rico, Inc.* is an international pharmaceutical and

 laboratory equipment supplier, covering the segments of Bioprocess Solutions and Lab Products &

Services. The company is based in Yauco, Puerto Rico. It's subsidiaries; co-defendant *Sartorius*

*Puerto Rico, Inc*. is a business created in Puerto Rico; *Sartorius, Inc.*,  Registry No. 6296 and co-

defendant *Sartorius Stedim Filters, Inc.*, Registry No. 148308. They are all included as defendants.

c:\claims\rpabon.002

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 3

Their postal address is PO Box 6, Yauco, PR 00698 and physical address is Road PR 128 Intersection Road PR 376, Yauco, PR 00698.

11.    Defendant Rodolfo Dominicci was the immediate supervisor of plaintiff Ramón Pabón-Villafañe at the time of the facts alleged in the complaint.  Defendant Dominicci is the Maintenance Supervisor of co-defendant Sartorius Stedim Filters, Inc., Road PR 128  Intersection Road PR 376, Yauco, PR 00698.

12.    Defendant Sartorius AG (Sartorius group) is a foreign corporation from Germany and is conducting and is authorized to conduct business in the Commonwealth of Puerto Rico. It is the parent company of co-defendants *Sartorius Puerto Rico, Inc*., *Sartorius, Inc.* and *Sartorius Stedim Filters, Inc.* It's headquarters are located in Göttingen, Germany.

13.    The Sartorius Group is an international pharmaceutical and laboratory equipment supplier, covering the segments of Bioprocess Solutions and Lab Products & Services.  The company consists of the two divisions *"Bioprocess Solutions"* and *"Lab Products & Services"*. Bioprocess Solutions includes the segments filtration, fluid management, fermentation and purification and focuses on the production processes of the biopharmaceutical industry. Lab Products & Services focuses on the production and servicing of laboratory instruments and consumables, including water purification, weighing, liquid handling, microbiology, filtration and purification, and centrifuges. Sartorius has its own production facilities in Europe, Asia and America as well as sales subsidiaries and commercial agencies in more than 110 countries[1].

_____

[1]"Sartorius Moves Up to the TecDAX" (Press release). Sartorius Group. 6 June 2012. Retrieved 1 December 2017

c:\claims\rpabon.002

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 4

14.    John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

## III.    FACTS:

**Related to all claims against defendants.**

15.    Plaintiff  Ramón Pabón-Villafañe was born and raise in the Island of Puerto Rico. He is sixty one (61) years old.  He is an Electronic Technician graduated from the *Institute of Multiple Technology*, Ponce, PR.  He obtained the associate degree on 1980.  During several years he worked as an electronic's professor in several technical colleges as Instituto de Banca, San Juan City College, Colegio Percy and Institute of Multiple Technology.

16.    Plaintiff  Ramón Pabón-Villafañe commenced to work for employer (*Sartorius Puerto Rico, Inc*., *Sartorius, Inc.* and *Sartorius Stedim Filters, Inc.*) at Yauco, PR on 1995.  He started as electronic technician for the cartridges production area at the local plant at Yauco, PR.  He worked since 1995 until August 24, 2020.

17.    Plaintiff Ramón Pabón-Villafañe was 36 years old at the time that he was recruited and employed by the employer. The performance of plaintiff Ramón Pabón-Villafañe during his career in Sartorius Puerto Rico was excellent.  During the 25 years working for *Satorius*, he trained and taught the new Electronic Technician hired by the company besides complying with his assigned duties and responsibilities.

18.    Plaintiff Ramón Pabón-Villafañe effectively redesigned several systems in the plant for example; casting machine heaters, manual alcohol distiller (converting it to automatic), casting

c:\claims\rpabon.002

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 5

machine pump control, and end-capping machine water level alert system (it was adopted/copied in

the other machines international).

19.     As part of the working agreement/benefits, plaintifft Ramón Pabón-Villafañe was

in a profit sharing (pension/retirement) plan is available for employees when they reached 5 years

of service and it is to be effective once the participant (employee) leave the company.

20.     Plaintiff Ramón Pabón-Villafañe was always involved in the welfare, just labor

practices and benefits of co-workers in Satorius since he was hired, immediately he jointed the labor

union. Approximately on 2013 plaintiff was elected as representative (*Delegado General*) of the

Santorius' employees to the union.  He occupied the position was 6 years and as such he negotiated

and signed the collective bargain agreement twice.  Plaintiff Pabón responsibilities  also he OSHA,

Labor Complaints, Represent Union Members

21.     Defendant Rodolfo Dominicci was hired around May 2020 by Sartorius as

Maintenance Supervisor for all operations in Puerto Rico.  Since day one he exhibited a

confrontational attitude in his communications with the maintenance department employees and

incurred in several violations to the employment policies and the collective agreement.

22.     Plaintiff contacted and met with defendant Dominicci.  At the meeting plaintiff

oriented him on the policies in a very cordially matter.  Defendant Dominicci implemented the

changes in accordance with the guidance provided, correcting the errors.

23.     The Machine Pleat No. 9 is located at the *Sartorius Stedim Filters, Inc.* production

plant, cartridge production section.  The machine was damaged around may 2020 and it was

repaired.  As part of the retainment process, the machine received maintenance even thought it was

c:\claims\rpabon.002

**COMPLAINT**
**CIVIL NO.  21-1128 (   )**
**Page 6**

not due for mechanical maintenance.

23.    Plaintiff inspected the machine several weeks later and determined that mechanical maintenance was performed. It was reported in the maintenance checklist.

24.    The Machine Pleat No. 4 maintenance was scheduled for August 19, 2020. Plaintiff requested defendant Dominicci the lubricant for the maintenance and a pump to replace a damaged pump on August 18, 2020.  Defendant denied the request alleging that it could wait until the 19th of August 2020.

25.    On August 19, 2020 at 6:00 am Plaintiff arrived to the plant and worked in the machine's maintenance.  He requested defendant Dominicci the lubricant as soon as he arrived. Defendant Dominicci replied him to use another lubricant (food grease) because the required one was not available.

26.    Plaintiff requested defendant Dominicci to provide the instruction in written format because the instruction was in conflict and contrary to the machine specifications/validations.  It (the (lubricant mentioned) could harm the machine and/or contaminate the production.   Defendant Dominicci did it and the note was attached to the machine maintenance log sheet even thought the procedure was not approved, neither by the Quality control Department nor the Engineering Department. It was a violation of the standard operating procedures of the company. The damaged pump was not replaced nor repaired to avoid interrupting/stopping the production.

27.    Later plaintiff was summons to defendant Dominicci's office. Upon plaintiff's arrival to the office, he requested the union representative to be present. Defendant Dominicci denied the request stating that it was not necessary.  Defendant Dominicci immediately read a dismissal /

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 7

termination letter, gave him a copy of it and informed him that the dismissal decision was final and

definite (*final y firme*).   At the meeting a human resources officer was present, Ms. Caroline.

28.     The violations alleged by the employer against plaintiff Pabon are false, incorrect and

erroneously described. The description of the false charges mostly and explicitly implied minor

violations. The violation charges are pressed against Plaintiff in retaliation/reprisal for the Plaintiff

legal actions as a former union representative. Defendants discriminated against plaintiff Ramon

Pabon due to his age, he was illegally dismissed/terminated; younger employees were hired and

contracted to replace him in his position, duties and responsibilities after he was fired/dismissed. The

defendants acts against Plaintiff were intentional, illegal and discriminatory and caused him

damages.

29.     Defendants dismissed (fired) Plaintiff on false and/or misrepresented allegations of

minor violations to the company policies and/or employees manual. Immediately upon dismissal of

plaintiff Ramón Pabón-Villafañe, he was substituted by temporary employees of much less aged, less

experience and under less pay/compensation.

30.     Plaintiff Ramón Pabón-Villafañe was dismissed without any cause by *Sartorius* on

August 24, 2020. He was 61 years old and completed/reached the twenty five (25) years of service.

31.     New employees were hired to take over plaintiff Ramón Pabón-Villafañe job and

duties at *Sartorius*; employees that were younger. They were less experienced and less qualified.

32.     *Sartorius* did the same to several employees situated in the same conditions;

seasoned senior employees of *Sartorius* who are over 45 years old were substituted by temporary

employees and/or hired or contracted employees of much less age, less experience and under less

c:\claims\rpabon.002

**COMPLAINT**
**CIVIL NO.  21-1128 (   )**
**Page 8**
pay/compensation.

33.     *Sartorius* actions against plaintiff Ramón Pabón-Villafañe was in violation of ADEA, Title VII and 42 of the United States Code, Section 1983, Civil Rights Act 1964 and the US Constitution First Amendment . He was discriminated due to his age and actions as a member of the union.

34.     Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on September 11, 2020.  The EEOC issued a Notice of Right to Sue upon plaintiff's request. The Notice was received by Plaintiff on March 10, 2021.

35.     The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

## IV.     CAUSES OF ACTION:

All the paragraphs stated herein the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

### First Cause of Action

36.     Plaintiff  Ramón Pabón-Villafañe rights under the provisions of Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin) and the US Constitution First Amendment were violated by defendants.

### Second Cause of Action

37.     Plaintiff Ramón Pabón-Villafañe rights under the provisions of the *Age Discrimination in Employment Act of 1967*, 29 U.S.C. § 621- 634, (ADEA) were violated by

c:\claims\rpabon.002

**COMPLAINT**
**CIVIL NO. 21-1128 (   )**
**Page 9**
defendants.

### Third Cause of Action

38.     Plaintiff Ramón Pabón-Villafañe rights under the provisions of the *Article 1802* and *1803* of *Puerto Rico Civil Code* are invoked, defendants are liable. The Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367 were violated by defendants.

### Forth Cause of Action

39.     Plaintiff Ramón Pabón-Villafañe rights under the provisions of the Commonwealth of Puerto Rico Labor Laws including *Public Law No. 80 of May 30, 1976* as amended, state law against retaliation, and equivalent Federal Labor Laws (United States Code) were violated by defendants.

### Fifth Cause of Action

40.     Co-Plaintiff Maria Isabel Colón-León rights under the provisions of the article 1802 and 1803 of Puerto Rico Civil Code are invoked, defendants are liable.

### V.     DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

41.     Plaintiff Ramón Pabón-Villafañe rights under the provisions of the Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin) and the US Constitution First Amendment. He was discriminated due to

c:\claims\rpabon.002

COMPLAINT
CIVIL NO.  21-1128 (   )
Page 10

his leadership, representation and matters related to the labor union members.  He suffered damages;

damages estimated on $1,000,000.00.

42.      Plaintiff Ramón Pabón-Villafañe rights under the provisions of the *Age*

*Discrimination in Employment Act of 1967*, 29 U.S.C. § 621- 634, (ADEA) were violated by

defendants. He suffered damages; damages estimated on $2,000,000.00.

43.      Plaintiff Ramón Pabón-Villafañe was illegally terminated/fired without a just cause;

a valid cause as established under Commonwealth of Puerto Rico *Public Law No. 80 of May 30,*

*1976* as amended, damages estimated on $355,000.00.

44.      Plaintiff Ramón Pabón-Villafañe, has suffered and continue to suffer mental

anguish, severe emotional distress, affliction, anguish, deprivation and suffers still today because of

the sudden loss of his job.  Damages that sum the amount of $250,000.00.

45.      Co-plaintiff Maria Isabel Colón-León suffered economic damages and has suffered

and continue to suffer mental anguish, severe emotional distress, affliction, anguish, deprivation and

suffers still today because of the sudden loss of her husband job and violation of rights and

discrimination. Damages estimated in the amount of $150,000.00 dollars.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement

in favor of plaintiffs and to award them a sum no less than three million seven hundred and fifty five

thousand dollars ($3,755,000.00) suffered by plaintiffs because of defendants wrongful acts and

combined negligence, plus an additional amount for  attorney fees and court costs, all to be paid

severally by defendants.

**JURY TRIAL DEMANDED.**

c:\claims\rpabon.002

**COMPLAINT**
**CIVIL NO.  21-1128 (    )**
**Page 11**

       **RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 16ᵗʰ day of March of 2021.

       **I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the CM/ECF System will send notification of the filing to:

       **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
       Juan R. Rodríguez
       PO Box 7693
       Ponce, Puerto Rico 00732-7693
       Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
       Email: **juan_r_rodriguez00732@hotmail.com**
                **juan.r.rodriguez00732@gmail.com**

       By:___*S\Juan R. Rodriguez*_____
          **JUAN R. RODRIGUEZ**
          **USDC 214410**

c:\claims\rpabon.002