IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMÓN PABÓN-VILLAFAÑE and MARIA ISABEL COLÓN-LEÓN, et al.<br><br>Plaintiffs<br><br>v.<br><br>SARTORIUS AG, et al.<br><br>Defendants | Civil No. 21-1128 (MAJ) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants Sartorius Stedim Filters, Inc.'s ("Sartorius Stedim"), Sartorius AG's (Sartorius Stedim and Sartorius AG, jointly referred to hereinafter as "Sartorius") and Rodolfo Dominicci's ("Dominicci") (all jointly referred to herein as the "Defendants") Motion for Judgment on the Pleadings at Docket No. 28. Plaintiff opposed. Docket No. 38. Defendants replied. Docket No. 42. The matter was referred to the undersigned for a Report and Recommendation. Docket No. 46. For the reasons set forth below, the Court recommends that Defendants' motion for judgment on the pleadings be **GRANTED**.

**I.    Background**

The Complaint was filed on March 19, 2021. Docket No. 1. Plaintiffs are Ramón Pabón-Villafañe, María Isabel Colón-León and the Pabón-Colón Conjugal Partnership. Named Defendants are Sartorius AG, Sartorius Puerto Rico, Inc., Sartorius, Inc., Sartorius Stedim, and Dominicci. Plaintiffs allege that Pabón-Villafañe worked as an electronic technician in the Sartorius Yauco plant from 1995 to 2020. Docket No. 1 at ¶ 16. Plaintiffs further allege that Pabón-Villafañe's performance was excellent and that he was a member, and at times an elected employee representative, of the Sartorius labor union. Id. at ¶¶ 17-20. According to the Complaint, Dominicci, the Sartorius Maintenance Supervisor, was Pabón-Villafañe's direct supervisor since May 2020. Id. at ¶¶ 11, 21.

1

As alleged, Dominicci was confrontational with maintenance employees, and incurred in violations of employment policies and the collective bargaining agreement. Id. at ¶ 21. The Complaint alleges that Pabón-Villafañe and Dominicci had a disagreement about maintenance to be performed to a machine and that, ultimately, Dominicci instructed improper maintenance to be performed. Id. at ¶ 26. Pabón-Villafañe was later terminated from employment. Id. at ¶ 27. Plaintiffs sustain that Pabón-Villafañe was terminated in retaliation for legal actions brought by him when he was a union representative and in discrimination due to his age. Id. at ¶¶ 28-31. And that Pabón-Villafañe was replaced by younger employees with less experience. Id. Pabón-Villafañe asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983 ("Section 1983"), and violations of the First Amendment of the U.S. Constitution, claiming discrimination on account of his leadership and participation in the labor union. Id. at ¶¶ 36, 41. He also asserted a claim for discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"). Id. at ¶¶ 37, 42. Pabón-Villafañe also claims relief for dismissal without just cause under Puerto Rico Law No. 80, 29 P.R. Laws. Ann. §§ 185 et seq. Id. at ¶¶ 39, 43. Both Plaintiffs assert claims for damages under Articles 1802 and 1803 of the Puerto Rico Civil Code. Id. at ¶¶ 38-39, 44-45.

On September 1, 2022, Defendants moved the Court for a judgment on the pleadings. Docket No. 28. Defendants requested dismissal of all claims against Sartorius, Inc. and Sartorius Puerto Rico, Inc. as these are non-existing entities. Defendants also requested dismissal of all claims under Title VII and Section 1983. Dominicci requested dismissal of the ADEA claims. Defendants requested dismissal of claims for unjust termination under Law 80 and discrimination premised on Pabón-Villafañe's membership in the labor union. **Defendants did not request dismissal of Pabón-Villafañe's ADEA claim against Sartorius nor of Plaintiffs' claims under Articles 1802 and 1803 of the Puerto Rico Civil Code[1].**

## II.   Standard of Review

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the closing of the pleadings stage but early enough not to delay trial, a party may move the Court for judgment on the pleadings. Fed.R.Civ.P. 12(c). Nothing in the text of the rule requires the Court to apply any specific standard of review. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002). A motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6). Pérez-Acevedo v. Rivero-

---

[1] Articles 1536 and 1540 of the 2020 Puerto Rico Civil Code.

Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citation omitted). All well-pleaded factual allegations in the complaint are taken as true and all reasonable inferences therefrom are drawn in favor of the plaintiff. Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). To survive a motion for judgment on the pleadings, the complaint must contain sufficient factual matter to state a claim for relief that is plausible. Id. For a claim to be plausible, the claim does not need to be probable, but must assert more than a mere possibility of liability. Id. at 45 (citations omitted). To preclude judgment on the pleadings, the factual allegations in the complaint must be sufficient to assert a right of relief that is not speculative. Castro-Cruz v. Municipio de Caguas, 2019 WL 3403899 (D.P.R.). Bald assertions and conclusory factual allegations are insufficient. Id. (citations omitted). In evaluating a motion under Rule 12(c) of the Federal Rules of Civil Procedure, the Court may consider documentary evidence that has been fairly incorporated in the pleadings. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citations omitted). This includes documents as to which authenticity is not disputed (even when the documents have been proposed by the movant), documents central to plaintiffs' claims, and documents sufficiently referred to in the complaint. Id. (citations omitted).

### III. Discussion

#### 1. Uncontested Grounds for Dismissal

Defendants have requested dismissal of all claims against Sartorius, Inc. and Sartorius Puerto Rico, Inc. as these are non-existing entities. Defendants have also requested dismissal of all claims under Title VII and Section 1983. Dominicci has requested dismissal of the ADEA claims against him. Plaintiffs have not opposed these requests. Indeed, in their response to the motion for judgment on the pleadings, Plaintiffs expressly informed the Court not to be contesting dismissal of those claims. Docket No. 38 at 7. Accordingly, the Court recommends that Defendants' motion for judgment on the pleadings be **GRANTED** as to the foregoing claims and all claims against Sartorius, Inc. and Sartorius Puerto Rico, Inc., and under Title VII and Section 1983, and Pabón-Villafañe's ADEA claims against Dominicci be dismissed with prejudice.

#### 2. Claim for Unjust Termination under Law 80

Pabón-Villafañe claims relief for unjust termination under Law 80. Defendants request judgment on the pleadings as to that claim because it is subject to the grievances provision of the collective bargaining agreement between Pabón-Villafañe (as member of the labor union) and Sartorius Stedim. In support thereof, Defendants attached relevant provisions of the Sartorius

collective bargaining agreement at Docket Nos. 34-1, 60-1, 60-2.[2] Plaintiffs opposed alleging that Pabón-Villafañe is no longer a member of the union and submitted an unsigned Statement Under Penalty of Perjury in support (Docket No. 38-1). Pabón-Villafañe's claim under Law 80 should be dismissed for failure to exhaust the grievances procedures in the Sartorius collective bargaining agreement.

Pursuant to Section 301 of the Labor Management Relations Act, district courts have jurisdiction over suits upon collective bargaining contracts. 29 U.S.C. § 185(a); Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., (UAW), AFL-CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 697 (1966). But if a collective bargaining agreement establishes a mechanism to solve disputes and grievances, employees who are parties to that agreement are required to adhere to that mechanism (to exhaust those proceedings) prior to resorting to court. Confederación Laborista de Puerto Rico v. Cervecería India, Inc., 607 F.Supp. 1077, 1080 (D.P.R.), *aff'd*, 778 F.2d 65 (1st Cir. 1985); DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983) (employees required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement); Soto Segarra v. Sea-Land Serv., Inc., 581 F.2d 291, 294 (1st Cir. 1978); Union de Periodistas v. San Juan Star, Co., 2008 WL 4072803 *5 (D.P.R.) ("[A]part from conferring jurisdiction upon federal courts to hear cases arising from collective bargaining agreements, the LMRA also provides a presumption of arbitrability where an arbitration agreement exists between the parties."). As expressed by the U.S. Supreme Court in Maddox, "federal labor policy requires that individual employees wishing to assert contract grievances must [at least] attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Rose v. RTN Fed. Credit Union, 1 F.4th 56, 60 (1st Cir. 2021) (quoting Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965)).

A state law claim is preempted by Section 301 of the Labor Management Relations Act when resolution of the claim requires the interpretation of a collective bargaining agreement. Jackson v. Liquid Carbonic Corp., 863 F.2d 111, 114 (1st Cir. 1988). Preemption of a given state-law claim depends upon whether the claim's adjudication is "inextricably intertwined with consideration of the terms of [a] labor contract." Rose v. RTN Fed. Credit Union, 1 F.4th at 61 (citation omitted); Vargas v. Geologistics Americas, Inc., 284 F.3d 232, 235 (1st Cir. 2002) (determination of just cause under Law 80 claim presupposes an analysis of rights and duties under the collective bargaining agreement; Law 80 claims preempted by federal labor law). However, a state law claim may escape preemption

---

[2] Plaintiffs have not contested the authenticity of the Sartorius collective bargaining agreement.

if it requires no more than a "bare" consultation of a collective bargaining agreement without dispute as to the meaning of any of its terms. Rose v. RTN Fed. Credit Union, 1 F.4th at 61 (citation omitted). When a state law claim is preempted by federal labor law, and grievance procedures in the collective bargaining agreement require arbitration, union employees must exhaust arbitration prior to filing suit in court. See Id. at 63-64 (affirming judgment on the pleadings dismissing state law claims for failure to exhaust arbitration requirement in the collective bargaining agreement). Nonetheless, an employee may be able to forgo exhaustion requirements of a collective bargaining agreement when the conduct of the employer amounts to a repudiation of the contractual procedures, the union representing the employee breaches its duty of fair representation, or when the effort to proceed with contractual or administrative remedies would be futile. Loc. 1575 Int'l Longshoremen's Ass'n AFL-CIO v. Horizon Lines of Puerto Rico, 553 F.Supp.2d 101, 105-106 (D.P.R. 2008) (citations omitted); see also Williams v. Sea-Land Corp., 844 F.2d 17, 18-19 (1st Cir. 1988). If none of these exceptions apply and the state law claim requires the interpretation of a collective bargaining agreement, "a plaintiff should not be allowed to bypass the grievance procedures established by the labor contract". Jackson v. Liquid Carbonic Corp., 863 F.2d at 122.

Pursuant to Article IX of the Sartorius collective bargaining agreement, which was in effect at the time of Pabón-Villafañe's termination in 2020, grievance procedures under the agreement apply to "any complaints that may arise during the term" of the agreement between the employees, the union and the employer. Docket No. 34-1 at Section 9.1. The procedure set forth therein is comprised of three steps and provides for resolution by binding arbitration. Id. at 9.1a - 9.1e. Furthermore, pursuant to Article XIX of the agreement, Sartorius agreed not to terminate any employee member of the union without just cause. Docket No. 60-1 at 19.10.1. That same section of the agreement also provides that, if an arbitrator finds that an employee was terminated without just cause, the arbitrator may order the employee's reinstatement and the retroactive payment of salary. Id. There is thus no question that the parties to the Sartorius collective bargaining agreement agreed for disputes concerning the termination of union employees to be submitted to arbitration, allowing the arbitrator to provide suitable remedies (i.e., reinstatement and retroactive payment of salary) upon a finding that termination was without just cause.

Plaintiffs oppose Defendants' request for dismissal of Pabón-Villafañe's claim under Law 80 by arguing that he was not a member of the union as he had no communication with the union during the COVID-19 pandemic. But Plaintiffs have not submitted any evidence to support such an argument

and the argument is completely at odds with Plaintiffs' allegations in the Complaint. Pursuant to the allegations in the Complaint, Pabón-Villafañe was a member of the Sartorius union during his employment at Sartorius. Docket No. 1 at ¶¶ 20, 28, 41. In fact, as alleged, on the day of his termination, he requested the presence of a union representative at the meeting and he claims to have been discriminated on account of his "leadership, representation and matters related to the labor union members.". Id. at ¶¶ 27, 41. And, on September 24, 2020, the union, in representation of Pabón-Villafañe, initiated arbitration proceedings for alleged violations of the collective bargaining agreement due to the dismissal of Pabón-Villafañe from employment without just cause. Docket No. 43-1. Indeed, far from supporting Plaintiffs' claims that Pabón-Villafañe was not a member of the union, in the Statement Under Penalty of Perjury at Docket No. 38-1, Pabón-Villafañe reaffirms that he was a member of the union during his employment at Sartorius. Therefore, taking all of Plaintiffs' allegations as true, there is no question that Pabón-Villafañe was a member of the Sartorius union and was bound by the grievance provisions of the collective bargaining agreement. Because the resolution of Pabón-Villafañe's claim under Law 80 is undoubtedly intertwined with the application of the Sartorius collective bargaining agreement, Pabón-Villafañe had to exhaust the grievance procedures in the agreement. See Villanueva-Santiago v. McAllister Towing and Transp. Co., Inc., 2011 WL 280849 *2 (D.P.R.) (duties and rights conferred by the collective bargaining agreement relevant to resolution of Law 80 claims). See e.g., Confederación Laborista de Puerto Rico v. Cervecería India, Inc., 778 F.2d 65, 66 (1st Cir. 1985) ("every complaint" means any controversy involving alleged violations of the contract or interpretation of contractual provisions); Loc. 901 Teamsters v. Weissberg Hotel Corp., 284 F.Supp. 673, 675-76 (D.P.R. 1967) ("all disputes" over interpretation, application or compliance with the agreement is comprehensive and includes claims for lost salaries, unpaid union dues, vacation pay, sick leave pay, contributions to the health and welfare funds, and meal allowances); Sierra Pérez v. United States, 779 F.Supp. 637, 642 (D.P.R. 1991) ("any complaint" concerning matter related to employment includes discrimination claim); Rose v. RTN Fed. Credit Union, 1 F.4th at 62 (what is owed to employee almost always implies the interpretation and application of a collective bargaining agreement). Furthermore, Plaintiffs have not alleged any justification for the Court to exempt Pabón-Villafañe from complying with the arbitration provisions of the Sartorius collective bargaining agreement regardless of whether he moved to withdraw the request for arbitration filed by the union on his behalf (see Docket No. 43-2). See Confederación Laborista de Puerto Rico v. Cervecería India, Inc., 607 F.Supp. at 1080 (unilateral withdrawal of

6

arbitration in favor of suit insufficient to justify premature court intervention; sidestepping collective bargaining agreement grievance procedures).

### 3. Claim for Discrimination Based on Union Membership

Plaintiffs claim damages for purported discrimination and retaliation against Pabón-Villafañe on account of his role as a leader and member of the Sartorius labor union. Plaintiffs do not cite specific statutory authority for their claim except for a passing reference to unspecified Puerto Rico laws and the First Amendment of the U.S. Constitution.[3] Docket No. 1 at ¶¶ 33, 38, 41 Defendants request judgment on the pleadings, alleging that the Court lacks jurisdiction over any such claims because primary jurisdiction rests with the National Labor Relations Board. We agree.

The National Labor Relations Act, 29 U.S.C. §§ 151 et seq., was intended to regulate labor relations in activities affecting interstate and foreign commerce. Tamburello v. Comm-Tract Corp., 67 F.3d 973, 976 (1st Cir. 1995). The National Labor Relations Board was vested with primary jurisdiction to adjudicate unfair labor practices and violations to the National Labor Relations Act. Id.; 29 U.S.C. § 160(a). This includes exclusive jurisdiction to enforce Sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157-158. Section 7 of the National Labor Relations Act protects employees' rights to organize, form, joint or assist a labor organization and to participate in collective bargaining. 29 U.S.C. § 157. Section 8 of the National Labor Relations Act prohibits an employer from incurring in unfair labor practices, which include interfering with, restraining or coercing employees in the exercise of their rights to negotiate and participate in a collective bargaining agreement, interfering with the formation or administration of any labor organization, or discriminating in hiring or maintaining an employee, or affecting any term or condition of employment, to encourage or discourage membership in a labor organization. 29 U.S.C. § 158(a).

Pursuant to the U.S. Supreme Court in San Diego Building Trades Council v. J.S. Garmon, 359 U.S. 236 (1959), when an activity is actually or arguably protected by the provisions of Sections 7 or 8 of the National Labor Relations Act, states and federal courts must defer to the exclusive competence of the National Labor Relations Board. Tamburello v. Comm-Tract Corp., 67 F.3d at 976 (quoting Trades Council v. Garmon, 359 U.S. at 245); Rhode Island Hosp. Ass'n v. City of Providence ex rel. Lombardi, 667 F.3d 17, 36 (1st Cir. 2011). A claim is understood to actually or arguably fall under the provisions of Sections 7 or 8 of the National Labor Relations Act when it is identical to a claim that could have been, but was not, presented for resolution to the National Labor

---

[3] Plaintiffs have conceded for claims under Title VII and Section 1983 to be dismissed.

Relations Board. Tamburello v. Comm-Tract Corp., 67 F.3d at 980. Or when the conduct that is the subject of the claim can clearly or fairly be assumed to be an activity that is protected under Sections 7 or 8 of the National Labor Relations Act. MVN Inc. v. Rodríguez, 568 F.Supp.2d 158, 171 (D.P.R. 2008).

Pursuant to Plaintiffs' allegations in the Complaint, Pabón-Villafañe was a member and, at times, an elected employee representative of the Sartorius labor union. Docket No. 1 at ¶¶ 17-20. Plaintiffs sustain that Pabón-Villafañe was terminated from employment in retaliation for legal actions brought by him when he was a union representative. Id. at ¶¶ 28-31. Pabón-Villafañe asserted claims for discrimination on account of his leadership, representation, and participation in the labor union. Id. at ¶¶ 36, 41. These claims (whether under Puerto Rico or federal law) fall squarely within the unfair labor practices that Section 8 of the National Labor Relations Act forbids; namely, discriminating in maintaining an employee, or affecting any term or condition of employment, to encourage or discourage membership in a labor organization. 29 U.S.C. § 158(a). Plaintiffs' argument that because there is no pending grievance action for discrimination the National Labor Relations Act does not prevent them from pursuing their claim before this Court is meritless. Pursuant to the First Circuit in Tamburello v. Comm-Tract Corp., if the claim could have been, but was not, brought before the National Labor Relations Board, the National Labor Relations Board has primary and exclusive jurisdiction over such a claim.

To the extent that Plaintiffs claim purported violations of the First Amendment of the U.S. Constitution, even assuming those to be actionable against a private party, *which they are not*[4], such violations would also arguably fall within the provisions of the National Labor Relations Act because, as alleged, were intended to discourage labor activities. See e.g., Int't Hipping Agency, Inc. v. Union de Trabajadores de Muelles-Int'l Longshoremen's Loc., 1740, 2013 WL 12234677 (D.P.R.) (defamation claim to discourage labor activities); Bimler v. Stop & Shop Supermarket Co., 965 F.Supp. 292, 297-299 (D.Conn. 1997) (free speech claim arguably within prohibition of National Labor Relations Act); Raineri Const., LLC v. Taylor, 63 F.Supp. 3d, 1029-1030 (E.D. Mo. 2014) (same).; Horvath v. Knight & Wilson, Inc., 2006 WL 3533145 *2 (E.D. Ark.) (same). Lastly,

---

[4] Manhattan Cmty. Access Corp. v. Halleck, 139 S. Ct. 1921, 1934 (2019) (First Amendment claim not actionable against private entity only against state actor); Hudgens v. N. L. R. B., 424 U.S. 507, 519 (1976) (First Amendment claim requires state action); Frith v. Whole Foods Mkt., Inc., 38 F.4th 263, 276 (1st Cir. 2022) ("[P]rivate employer, there is no First Amendment claim".).

Plaintiffs' argument that because Pabón-Villafañe's claims are premised on actions taken by Dominicci, not by Sartorius, the claims are not subject to the exclusive jurisdiction of the National Labor Relations Board is also unavailing. For purposes of the National Labor Relations Act, Dominicci's actions as supervisor of Pabón-Villafañe are those of the employer. Tamburello v. Comm-Tract Corp., 67 F.3d 973 at 979 (claim against individual supervisors also subject to National Labor Relations Board primary jurisdiction) (quoting 29 U.SC. § 152 (the definition of "employer" in the statute includes persons acting as an agent of an employer directly or indirectly)).

### IV. Conclusion

For the reasons discussed above, the Court recommends that Defendant's Motion for Judgment on the Pleadings be **GRANTED**, and that Pabón-Villafañe's claims under Title VII, Section 1983, the First Amendment of the U.S. Constitution, and Law 80 be dismissed. Also, that all of Plaintiffs' claims against Sartorius, Inc. and Sartorius Puerto Rico, Inc. be dismissed, and that Pabón-Villafañe's ADEA claims against Dominicci be dismissed.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time waives the right to review in the District Court and those claims not preserved by such objections are precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 12th day of June 2023.

                                            s/Giselle López-Soler
                                            GISELLE LÓPEZ-SOLER
                                            United States Magistrate Judge